#### UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America )<br>            Plaintiff,        )<br>                                 )<br>v.                              )<br>                                 )<br>Angelo Pereyra         )<br>            Defendant.     ) | Case No. 4:24-CR-00130-01<br><br>Hon. Brann |

#### SENTENCING MEMORANDUM

Defendant, by and through undersigned counsel, respectfully submits this memorandum in aid of sentencing. He has accepted responsibility and humbly requests this Honorable Court grant a sentence below the advisory guideline range – a sentence of 3 months in custody — a reasonable punishment, in light of the circumstances.

#### ARGUMENT:

**A.     The Court should grant a variance from the sentencing guideline range.**

First, as this learned Court knows, the guidelines are advisory, and rather than serving to define a case, they are instead a starting point in the sentencing process. *See Gall v. U.S.*, 128 S. Ct. 586, 596 (2007). Worthy of consideration – the guidelines are a factor that cannot be ignored in this case or any other – nor should they be. However, we ask this Court to consider the fact that they are not presumed to be reasonable in this case, or any other, either. *Nelson v. United States*, 555 U.S. 350, 352 (2009). Finally, we ask this Court to turn to 18 U.S.C. § 3553(a) and apply the variance standards to determine a reasonable sentence.

According to 18 U.S.C. § 3553(a), the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) . . . . The Court, in determining the particular sentence, shall consider—"

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and,

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Courts must consider all the factors addressed in 18 U.S.C. § 3553(a) before imposing a sentence. *See Gall v. U.S.*, 128 S. Ct. at 596. In doing so, they "must make an individualized assessment based on the facts presented." *Id.* at 597. This inquiry is based on "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The factors that are relevant will vary as greatly as the individuals that appear before the Court.

**B.     This Court should grant defendant a sentence below the advisory sentencing guidelines range because a sentence should be no greater than necessary.**

A sentence must be sufficient, but not greater than necessary to afford deterrence, protect the public, and promote respect for the law. 18 U.S.C. 3553 (a)(2)(B), (C). Defendant is definitely remorseful for his actions. Furthermore, significant incarceration is not necessary to promote deterrence, prevent recidivism, or assure he is sufficiently punished.

Defendant is a candidate for a downward variance for three reasons: 1) He has one nonviolent offense on his criminal history report for petit theft out of Wichita, KS; 2) He is a college educated sole provider for his family with no history of drug or alcohol use; and, 3) He took responsibility in this matter without any form of hesitation, whatsoever. All of these things will be conveyed to the Court through his testimony at sentencing. It is through his words that we

hope this Honorable Court embraces his sincerity and ultimately provides him a sentence of 3 months in custody.

Respectfully,

*/s/ Gregory Nathaniel Watt*
Gregory Nathaniel Watt, Bar No.60493
The Watt Law Firm - Attorney for Def.
700 Broadway Boulevard KC, MO 64105
Phone: C (913)-433-3849 Ofc. (913)-777-8575
Fax: (816)-919-2945
Email: gwatt@kcmetrodefense.com

### CERTIFICATE OF SERVICE:

I hereby certify that on this __8__ day of _____Dec._____, 2024 a copy of the above was sent via the CM/ECF system to all interested parties.

*/s/ Gregory N. Watt, Attorney for Defendant*